Cause No. 2021-44845

| | | |
|---|---|---|
| Mauro Ortiz Reyes, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | HARRIS COUNTY, T E X A S |
| V. | § | |
| EnVen Energy Ventures, LLC | § | |
| Defendant. | § | 333rd JUDICIAL DISTRICT |

_____

INDEX OF ALL DOCUMENTS
_____

Exhibit A     Index of All Documents
          A-1:   Plaintiff's Original Petition and Certificate of Citation
          A-2:   Return of Service of Citation
          A-3:   Defendant EnVen Energy Ventures, L.L.C.'s Original Answer
          Docket Sheet

Exhibit A–1    Plaintiff's Original Petition and Certificate of Citation

Exhibit A-2    Return of Service of Citation

Exhibit A-3    Defendant EnVen Energy Ventures, L.L.C.'s Original Answer

Exhibit B     List of Counsel of Record

**EXHIBIT**

**A**

exhibitsticker.com

Receipt Number: 894512
Tracking Number: 73894186

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202144845

| | |
|---|---|
| PLAINTIFF: REYES, MAURO ORTIZ | In the 333rd Judicial |
| vs. | District Court of |
| DEFENDANT: ENVEN ENERGY VENTURES LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ENVEN ENERGY VENTURES LLC MAY BE SERVED BY SERVING ITS REGISTERED AGENT

JEFFREY A STARZEC

609 MAIN STREET SUITE 3200

HOUSTON TX 77002

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on July 23, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this July 27, 2021.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CECILIA THAYER

Issued at request of:
Itkin, Jason A.
6009 MEMORIAL DRIVE
HOUSTON, TX  77007
713-222-3800

Bar Number: 24032461

Tracking Number: 73894186
EML

CAUSE NUMBER: 202144845

| | |
|---|---|
| PLAINTIFF: REYES, MAURO ORTIZ | In the 333rd |
| vs. | Judicial District Court |
| DEFENDANT: ENVEN ENERGY VENTURES LLC | of Harris County, Texas |

### OFFICER/AUTHORIZED PERSON RETURN

Came   to   hand   at   _____o'clock   _____.   M.,   on   the   _____   day   of
_____, 20_____.
Executed at (address) _____
in _____ County
at   _____   o'clock   _____.   M.,   on   the   _____   day   of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation   together   with   the   accompanying   _____   copy(ies)   of   the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To   certify   which   I   affix   my   hand   officially   this   _____   day   of
_____, 20 _____.

FEE:  $ _____          _____
                               _____ of _____
County, Texas
_____          By: _____
          Affiant                              Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN   TO   AND   SUBSCRIBED   BEFORE   ME   on   this   _____   of
_____, 20 _____

                                        _____
                                              Notary Public

7/23/2021 3:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 5565691
By: Cecilia Thaye
Filed: 7/23/2021 3:08 PM

## CAUSE NO._____

| | | |
|---|---|---|
| Mauro Ortiz Reyes, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EnVen Energy Ventures, LLC | § | |
| | § | |
| | § | |
| *Defendants.* | § | _____JUDICIAL CIRCUIT |

---

## PLAINTIFF'S ORIGINAL PETITION

---

Plaintiff Mauro Ortiz Reyes brings this action complaining of Defendant EnVen Energy Ventures, LLC, and would respectfully show the Court the following:

### I.

### JURISDICTION AND VENUE

1.    The claims asserted arise under the common laws of Texas. This Court has jurisdiction and venue is proper because the one or more of the Defendants resides in this County. Tex. Civ. Prac. & Rem. Code § 15.002

### II.

### DISCOVERY LEVEL

2.    Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### III.

### PARTIES

3.    Plaintiff is a resident of Louisiana.

4.      Defendant Enven Energy Ventures, LLC ("Enven") owned or operated the platform where Plaintiff was working and is headquartered in Houston, Texas. Enven also does a substantial amount of business in the state of Texas and was the principal operator of the rig where Plaintiff was injured. Enven can be served with process through its registered agent, Jeffrey A. Starzec at 609 Main Street, Suite 3200, Houston, Texas 77002.

## IV.

### FACTS

5.      This action comes as the result of a fall injuries sustained by Plaintiff on or about May 8, 2021 while serving as a Field Engineer on a fix oil platform in the Gulf Mexico. Plaintiff was employed Cardinal Services, LLC and was assigned to the drilling rig in MISSISSIPPI CANYON, 194 block ("MC-194"), a fix platform drilling rig located 105 miles offshore from New Orleans. The owner/operator for the MC-194 fixed platform at the time of the incident was Defendant Enven.

6.      On the date of the incident, Plaintiff was in the middle of his rest cycle after working the night shift when he fell several feet from the top of his bunk and suffered severe bodily injuries to his head, neck, back, and hip. Plaintiff's top bunk was supplied with an oversized mattress that extended well beyond the reach of the bedframe. The unsecured and oversized mattress caused Plaintiff to slip off the bed and slam into the deck while he was asleep. Plaintiff could not remain on the Platform to perform his duties and was flown back to shore to seek medical attention.

7.      Upon information and belief, Defendant Enven was responsible for ensuring appropriate and safe living accommodations were provided and failed to supply him with a suitable mattress.

2

## V.

## CAUSES OF ACTION

**A. Negligence and Gross Negligence.**

8.      Plaintiff repeats and realleges each allegation contained above.

9.      Plaintiff sustained injuries because of Defendant's negligence and gross

negligence when Defendant:

- Failed to properly supervise its crew;

- Failed to properly train its employees;

- Failure to provide adequate quarters;

- Failure to properly maintain, inspect, and/or repair the Platform's bunk beds;

- Failure to provide safe work environment;

- Failure to provide adequate training;

- Failure to properly secure the mattress;

- Violating its own safety rules, policies and regulations;

- Failure to maintain safe mechanism for working on the Platform

- Failing to respond to or heed complaints of unnecessary and dangerous hazards;

- Failure to warn Plaintiff of hidden dangers;

- Operating the Platform in an unsafe and improper manner;

- Vicariously liable for their employees' and/or agents' negligence;

- Violating applicable Coast Guard, OSHA, BSEE rules, and/or other applicable rules and regulations; and

- Other acts deemed negligent and grossly negligent.

3

10.     At all relevant times, Plaintiff was under to authority of Enven and engaged in operations on the outer continental shelf for the purpose of exploring for, developing, removing or transporting by pipeline the natural resources of the continental shelf and the incident occurred a result of such operations.

11.     On balance, Defendant owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries.

12.     As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, disability, disfigurement, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

13.     Additionally, Defendant's actions were done with a reckless disregard to a substantial risk of severe bodily injury. Thus, Plaintiff is entitled to exemplary damages.

## VI.

### JURY TRIAL

14.     Plaintiff hereby request a trial by jury on all claims and submits his jury fee herewith.

## VII.

### PRAYER

15.     Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring Defendant to appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiff show he is justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively state that they seek damages more than $1,000,000.00. Plaintiff prays for relief and judgment, as follows:

- Compensatory damages against Defendants;

- Actual damages;

- Consequential damages;

- Exemplary damages;

- Past and future mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Interest on damages (pre and post judgment) under the law;

- Costs of Court;

- Expert witness fees;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Jason A. Itkin*
Jason A. Itkin
Texas State Bar No. 24032461
Trent A. Shelton
Texas State Bar No. 24121119
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
tshelton@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

7/23/2021 3:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55656911
By: Cecilia Thayer
Filed: 7/23/2021 3:08 PM

# 2021-44845 / Court: 333

## CAUSE NO._____

| | | |
|---|---|---|
| Mauro Ortiz Reyes, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EnVen Energy Ventures, LLC | § | |
| | § | |
| | § | |
| *Defendants.* | § | _____JUDICIAL CIRCUIT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Mauro Ortiz Reyes brings this action complaining of Defendant EnVen Energy Ventures, LLC, and would respectfully show the Court the following:

### I.

### JURISDICTION AND VENUE

1.     The claims asserted arise under the common laws of Texas. This Court has jurisdiction and venue is proper because the one or more of the Defendants resides in this County. Tex. Civ. Prac. & Rem. Code § 15.002

### II.

### DISCOVERY LEVEL

2.     Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### III.

### PARTIES

3.     Plaintiff is a resident of Louisiana.

4.      Defendant Enven Energy Ventures, LLC ("Enven") owned or operated the platform where Plaintiff was working and is headquartered in Houston, Texas. Enven also does a substantial amount of business in the state of Texas and was the principal operator of the rig where Plaintiff was injured. Enven can be served with process through its registered agent, Jeffrey A. Starzec at 609 Main Street, Suite 3200, Houston, Texas 77002.

## IV.

## FACTS

5.      This action comes as the result of a fall injuries sustained by Plaintiff on or about May 8, 2021 while serving as a Field Engineer on a fix oil platform in the Gulf Mexico. Plaintiff was employed Cardinal Services, LLC and was assigned to the drilling rig in MISSISSIPPI CANYON, 194 block ("MC-194"), a fix platform drilling rig located 105 miles offshore from New Orleans. The owner/operator for the MC-194 fixed platform at the time of the incident was Defendant Enven.

6.      On the date of the incident, Plaintiff was in the middle of his rest cycle after working the night shift when he fell several feet from the top of his bunk and suffered severe bodily injuries to his head, neck, back, and hip. Plaintiff's top bunk was supplied with an oversized mattress that extended well beyond the reach of the bedframe. The unsecured and oversized mattress caused Plaintiff to slip off the bed and slam into the deck while he was asleep. Plaintiff could not remain on the Platform to perform his duties and was flown back to shore to seek medical attention.

7.      Upon information and belief, Defendant Enven was responsible for ensuring appropriate and safe living accommodations were provided and failed to supply him with a suitable mattress.

2

## V.

### CAUSES OF ACTION

**A. Negligence and Gross Negligence.**

8.    Plaintiff repeats and realleges each allegation contained above.

9.    Plaintiff sustained injuries because of Defendant's negligence and gross negligence when Defendant:

- Failed to properly supervise its crew;

- Failed to properly train its employees;

- Failure to provide adequate quarters;

- Failure to properly maintain, inspect, and/or repair the Platform's bunk beds;

- Failure to provide safe work environment;

- Failure to provide adequate training;

- Failure to properly secure the mattress;

- Violating its own safety rules, policies and regulations;

- Failure to maintain safe mechanism for working on the Platform

- Failing to respond to or heed complaints of unnecessary and dangerous hazards;

- Failure to warn Plaintiff of hidden dangers;

- Operating the Platform in an unsafe and improper manner;

- Vicariously liable for their employees' and/or agents' negligence;

- Violating applicable Coast Guard, OSHA, BSEE rules, and/or other applicable rules and regulations; and

- Other acts deemed negligent and grossly negligent.

3

10.     At all relevant times, Plaintiff was under to authority of Enven and engaged in operations on the outer continental shelf for the purpose of exploring for, developing, removing or transporting by pipeline the natural resources of the continental shelf and the incident occurred a result of such operations.

11.     On balance, Defendant owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries.

12.     As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, disability, disfigurement, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries.

13.     Additionally, Defendant's actions were done with a reckless disregard to a substantial risk of severe bodily injury. Thus, Plaintiff is entitled to exemplary damages.

## VI.
### JURY TRIAL

14.      Plaintiff hereby request a trial by jury on all claims and submits his jury fee herewith.

## VII.
### PRAYER

4

15.    Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring Defendant to appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other relief to which Plaintiff show he is justly entitled. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively state that they seek damages more than $1,000,000.00. Plaintiff prays for relief and judgment, as follows:

- Compensatory damages against Defendants;

- Actual damages;

- Consequential damages;

- Exemplary damages;

- Past and future mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Interest on damages (pre and post judgment) under the law;

- Costs of Court;

- Expert witness fees;

- Costs of copies of depositions; and

- Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Jason A. Itkin*
Jason A. Itkin
Texas State Bar No. 24032461
Trent A. Shelton
Texas State Bar No. 24121119
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-service@arnolditkin.com
jitkin@arnolditkin.com
tshelton@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

8/2/2021 10:03 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55900379
By: MARCELLA WILES
Filed: 8/2/2021 10:03 AM

### CAUSE NO. 2021-44845

MAURO ORTIZ REYES §
**PLAINTIFF** §
§
VS. §                                          IN THE 333rd District Court
§
§                                          HARRIS COUNTY, TX
ENVEN ENERGY VENTURES, LLC §
**DEFENDANT** §
§
§
§
§

### RETURN OF SERVICE

**ON Wednesday, July 28, 2021 AT 9:33 AM**
CITATION, PLAINTIFF'S ORIGINAL PETITION for service on ENVEN ENERGY VENTURES LLC C/O
REGISTERED AGENT JEFFREY A STARZEC came to hand.

**ON Monday, August 2, 2021 AT 9:21 AM, I, Eric Manuel Jimenez, PERSONALLY DELIVERED
THE ABOVE-NAMED DOCUMENTS TO:** ENVEN ENERGY VENTURES LLC C/O REGISTERED AGENT
JEFFREY A STARZEC, by delivering to administrative associate, Ellie Shahmoradi Authorized to
accept service, 609 MAIN ST STE 3200, HOUSTON, HARRIS COUNTY, TX 77002.

My name is Eric Manuel Jimenez. My address is 1201 Louisiana, Suite 370, Houston, TX  77002. I
am a private process server certified by the Texas Judicial Branch Certification Commission (PSC
2021, expires 5/31/2022). My e-mail address is info@easy-serve.com. My date of birth is 4/6/1970.
I am in all ways competent to make this statement, and this statement is based on personal
knowledge. I am not a party to this case and have no interest in its outcome. I declare under
penalty of perjury that the foregoing is true and correct.

Executed in HARRIS COUNTY, TX on Monday, August 2, 2021.

/S/ Eric Manuel Jimenez

Mauro Ortiz

Doc ID: 284721_1

Receipt Number: 894512
Tracking Number: 73894186

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202144845

| | |
|---|---|
| PLAINTIFF: REYES, MAURO ORTIZ | In the 333rd Judicial |
| vs. | District Court of |
| DEFENDANT: ENVEN ENERGY VENTURES LLC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ENVEN ENERGY VENTURES LLC MAY BE SERVED BY SERVING ITS REGISTERED AGENT

JEFFREY A STARZEC

609 MAIN STREET SUITE 3200

HOUSTON TX 77002

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on July 23, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this July 27, 2021.



Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CECILIA THAYER

Issued at request of:
Itkin, Jason A.
6009 MEMORIAL DRIVE
HOUSTON, TX  77007
713-222-3800

Bar Number: 24032461

8/23/2021 9:55 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56541726
By: Marcella Hill
Filed: 8/23/2021 9:55 AM

Cause No. 2021-44845

| | | |
|---|---|---|
| Mauro Ortiz Reyes, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | HARRIS COUNTY, T E X A S |
| V. | § | |
| EnVen Energy Ventures, LLC | § | |
| Defendant. | § | 333rd JUDICIAL DISTRICT |

_____

### DEFENDANT ENVEN ENERGY VENTURES, LLC'S ORIGINAL ANSWER

_____

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ENVEN ENERGY VENTURES, LLC, hereinafter referred to as Defendant, and files this Original Answer to Plaintiff's Original Petition and would respectfully show unto this Honorable Court as follows:

### General Denial

1.      Defendant, pursuant to the provisions of Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, denies each and every, singular and all of the allegations contained in Plaintiff's Original Petition, says the allegations contained therein are not true, either in whole or in part, and demands strict proof thereof. Defendant further reserves the right to amend its answer at a future date in accordance with the TEXAS RULES OF CIVIL PROCEDURE.

### Comparative Negligence

2.      In the alternative, and subject to the foregoing without waiving same, Defendant alleges the comparative negligence of Plaintiff in failing to use ordinary care,

was a proximate cause or the sole proximate cause of his alleged injuries. Defendant requests that at trial of this case the jury, pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE CHAPTER 33 et. seq., be asked to assess the comparative negligence, if any, of Plaintiff and any other party or defendant in this lawsuit, all settling parties, and all Responsible Third Parties.

### Pre-existing Conditions

3.      Pleading further and subject to the foregoing, without waiving same, in the event competent evidence is brought forward that Plaintiff suffered from pre-existing conditions, not caused by any action or inaction on the part of Defendant, Defendant would show Plaintiff is entitled only to any exacerbation of the preexisting conditions, but not for the conditions themselves.

### Failure to Mitigate

4.      Pleading further and subject to the foregoing, without waiving same, Defendant avers Plaintiff failed to mitigate his injuries and/or damages, if any, sustained by and occurring in the alleged incident made the basis of this litigation.

### Acts of Third-Parties

5.      In the alternative, and without waiving the foregoing, Defendant would show the incident in question and damages alleged by Plaintiff were caused in whole or in part by acts of third parties who were not under the control of Defendant and for whose acts and/or omissions  Defendant is not responsible.

**Credit, Contribution, and Indemnity**

6.      Defendant invokes the doctrine of proportionate responsibility, responsible third parties, and contribution and request Plaintiff's recovery, if any, be reduced and apportioned in accordance with the provisions of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including, but not limited to Chapter 33. If Plaintiff settles with any alleged tortfeasor, Defendant reserves its rights to full credit for settlements under Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant would also show the acts and omissions of any such settling parties should be submitted for consideration by the jury in determining the relative responsibilities of all parties to the occurrence made the basis of this lawsuit.

7.      Defendant requests contribution and/or indemnity from any other named defendant, counter defendant, cross defendant, contribution defendant, responsible third party, or third-party defendant in accordance with the TEXAS CIVIL PRACTICE & REMEDIES CODE.

8.      Defendant would further show if Plaintiff settles with any alleged tortfeasor Defendant is entitled to any and all offsets and credits allowed under the statutory and common laws of the State of Texas.

**Proof of Certain Losses**

9.      Pleading further and subject to the foregoing, without waiving same, Defendant would show that according to Section 18.091 of the Texas Civil Practice & Remedies Code, Plaintiff's alleged earnings, loss of earning capacity, loss of contributions of a pecuniary value, and/or loss of inheritance must be presented in the form of a net

loss after reduction for income tax payments or unpaid tax liability pursuant to any federal and/or state income tax law.

**Evidence Relating to Amount of Economic Damages**

10.     Pleading further and subject to the foregoing, without waiving same, Defendant would show that according to Section 41.0105 of the Texas Civil Practice & Remedies Code recovery of medical and health care related expenses should be limited to the amount actually paid or incurred.

**Exemplary Damage Limitations**

11.     In the alternative, and without waiving the foregoing, Defendant would show Plaintiff's recovery of exemplary damages, if any, is limited by Chapter 41 of the Texas Civil Practice and Remedies Code. To the extent the Court deems it appropriate to submit an exemplary damages question to the jury in this matter, the jury should be instructed as required by Chapter 41 of the Texas Civil Practice and Remedies Code. Defendant hereby pleads all of the limitations on and defenses to exemplary damages set forth in Chapter 41 of the Texas Civil Practice and Remedies Code. Defendant denies that Plaintiff is entitled to recover punitive or exemplary damages herein on the grounds that the imposition of punitive damages as sought by Plaintiff would be fundamentally unfair and Defendant would show that no legal basis or insufficient facts are alleged that would allow punitive damages against the Defendant herein; and if not dismissed, Defendant requests a bifurcated trial on this issue.

12.     Further, Defendant would show that any liability for exemplary damages and the appropriate amount of exemplary damages are each required to be established by clear and convincing evidence under Texas law; any award of exemplary damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and §19 of Article I of the Texas Constitution.

**Jury Demand**

13.     Defendant demands a jury and tenders the appropriate fee with the filing of this Answer.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendant, ENVEN ENERGY VENTURES, LLC'S, prays Plaintiff take nothing by reason of this suit, that Defendant be released, discharged and acquitted of the charges, that it go hence with its costs, without delay and for such other and further relief, both general and special, at law and in equity, to which it may show to be justly entitled, and for which it will in duty bound forever pray.

Respectfully submitted,

**HALL MAINES LUGRIN, P.C.**

By:*/s/ M. Matt Jett*_____
    M. Matt Jett
    SBN 24068684
    Evan T. Caffrey
    SBN 03588650
    2800 Post Oak Avenue, Suite 6400
    Houston, Texas 77056
    Phone: 713-871-9000
    Fax: 713-871-8962
    mjett@hallmaineslugrin.com
    ecaffrey@hallmaineslugrin.com

    ***ATTORNEYS FOR DEFENDANT ENVEN ENERGY VENTURES, LLC***

### CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2021, a true and correct copy of the foregoing document was served on the below listed counsel via electronic service, in accordance with the Texas Rules of Civil Procedure.

Jason A. Itkin
ARNOLD & ITKIN LLP
Trent A. Shelton
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
e-servjce@arnolditkin.com
iitkin@arnolditkin.com
tshelton@arnolditkin.com

    */s/ M. Matt Jett*_____
    M. MATT JETT / EVAN T. CAFFREY

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dana Daniel  on behalf of Matthew Jett
Bar No. 24068684
ddaniel@hallmaineslugrin.com
Envelope ID: 56541726
Status as of 8/23/2021 10:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason Itkin | | e-service@arnolditkin.com | 8/23/2021 9:55:03 AM | SENT |
| Roland Christensen | | rchristensen@arnolditkin.com | 8/23/2021 9:55:03 AM | SENT |
| Debbie Bowman | | Dbowman@arnolditkin.com | 8/23/2021 9:55:03 AM | SENT |
| Trenton Shelton | | tshelton@arnolditkin.com | 8/23/2021 9:55:03 AM | SENT |
| Narissa Espinal | | nespinal@arnolditkin.com | 8/23/2021 9:55:03 AM | SENT |
| Evan T.Caffrey | | ecaffrey@hallmaineslugrin.com | 8/23/2021 9:55:03 AM | SENT |
| Matthew Jett | | mjett@hallmaineslugrin.com | 8/23/2021 9:55:03 AM | SENT |

# 2021-44845

**COURT:**   333rd

**FILED DATE:**  7/23/2021

**CASE TYPE:**  Other Injury or Damage



### REYES, MAURO ORTIZ

**Attorney: ITKIN, JASON ARON**

#### vs.

### ENVEN ENERGY VENTURES LLC

**Attorney: JETT, MICHAEL M**

| Trial Settings | |
|---|---|
| **Date** | **Comment** |
| 8/22/2022 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |